1  MORRIS POLICH & PURDY LLP
   David J. Vendler, Esq. (SBN 146528)
2  1055 West Seventh Street, Suite 2400
   Los Angeles, CA 90017
3  Tel.:   (213) 417-5100
   Fax:    (213) 488-1178
4
   MICHAEL R. BROWN, APC
5  Michael R. Brown, Esq. (SBN 65324)
   18101 Von Karman Avenue, Suite 1940
6  Irvine, California 92612
   Tel.:   (949) 435-3888
7  Fax:    (949) 435 3801
8  LAW OFFICE OF JEFFREY D. POINDEXTER
   Jeffrey D. Poindexter, Esq. (SBN 167854)
9  2580 Catamaran Way
   Chula Vista, CA 91914
10 Tel.:   (619) 271-2382
   Fax:    (619) 568-3801
11
   Attorneys for Plaintiff  RICHARD M. HORN
12 and all others similarly situated

13

14            **UNITED STATES DISTRICT COURT**

15          **SOUTHERN DISTRICT OF CALIFORNIA**

16

17 RICHARD M. HORN, an individual and as        **CASE NO.:**  **'12CV1718 CAB BLM**
   Trustee of the Richard M. Horn Trust Dated
18 June 16, 2003, on behalf of himself and all        **DEMAND FOR JURY TRIAL**
   others similarly situated,
19                                                **INJUNCTIVE RELIEF AND CLASS**
20              Plaintiff,                        **ACTION COMPLAINT FOR:**

21 vs.                                            1.  **BREACH OF CONTRACT**
                                                  2.  **NEGLIGENCE PER SE - 26 U.S.C.**
22 BANK OF AMERICA, N.A. a national                   **§6050H**
   banking association,                           3.  **NEGLIGENT MISREPRESENTATION**
23                                                4.  **INTENTIONAL**
                                                      **MISREPRESENTATION**
24              Defendant.                        5.  **UNFAIR BUSINESS PRACTICES**
                                                  6.  **DECLARATORY RELIEF**
25

26

27      NOW COMES Plaintiff RICHARD M. HORN, as an individual and as Trustee to the

28 Richard M. Horn Trust Dated June 16, 2003 ("Plaintiff"), and on behalf of himself and all others

1  similarly situated (collectively "Plaintiffs" or "Class Members"), and complains against defendant

2  BANK OF AMERICA, N.A. a national, banking association ("BOA") as follows:

3

4  **SUMMARY OF THE ACTION**

5  1.     The purpose of this action is to: (1) prevent BOA from continuing its wrongful

6  practice of under-reporting to the Internal Revenue Service ("IRS") millions, if not billions, of

7  dollars of properly-deductible "mortgage interest" payments made by millions of BOA customers

8  across the nation; and (2) compensate Plaintiff and Class Members for BOA's prior under-reporting

9  of their "mortgage interest" payments as reported on IRS Form 1098.

10  2.     Plaintiff is one of millions of consumers negatively impacted by BOA's wrongful

11  accounting practices.   Specifically, Plaintiff has a 30-year negative amortization adjustable rate

12  mortgage loan ("ARM") with BOA on a single family dwelling.  The ARM provides Plaintiff with

13  four (4) payment "options" in any given month.  Such loans are frequently referred to as "Option

14  ARM loans." One "option" is to make full payment of the principal and interest due under the note.

15  A second "option" is to pay "Interest Only."  A third "option" is to pay a "Minimum Payment,"

16  which may, and often is, less than the interest then due on the note.  A fourth "option" is to make

17  accelerated payments on a 15-year amortization schedule.

18  3.     Since the widely-marketed objective of the "Option ARM loan" was to allow

19  consumers to minimize their monthly payment so that they could "afford" to purchase a home based

20  upon their available cash flow, consumers with ARMs overwhelmingly chose the "Minimum

21  Payment" option ("MP-Option").

22  4.     When a consumer elects the MP-Option, the payment can be less than the full interest

23  amount then due on the note.  BOA's documents refer to the mortgage interest that the consumer has

24  elected not to pay as "unpaid interest" and "deferred interest." Whether denoted as "unpaid interest"

25  or "deferred interest," the consumer has "deferred" the payment of that *interest* until a later time.

26  5.     The issue presented in this action arises when the "deferred interest" is paid by the

27  consumer, and how BOA then characterizes those payments. *Unlike other National Banks*, BOA is

28  not treating the consumers' payments of the "deferred interest" or "unpaid interest" as mortgage

1   interest at all. Rather BOA mischaracterizes these payments as a "reduction of principal." As a

2   result, BOA knowingly and deliberately fails to report the consumers' payment of "deferred interest"

3   as a payment of "mortgage interest" on the consumer's IRS Form 1098 BOA files with the IRS.

4        6.    As a result, BOA customers received inaccurate IRS Form 1098s under-reporting the

5   actual amount of "mortgage interest" paid by the consumer and deductible from their taxable

6   income.

7        7.    This class action lawsuit arises from one very simple issue that identically affects all

8   BOA customers with Option ARM loans:

9             **Whether deferred mortgage interest payments (i.e., "unpaid interest" or**
   **"deferred interest") received by BOA from Class Members is reportable by**
10            **BOA to the IRS as "mortgage interest" on IRS Form 1098?**

11       8.    Plaintiffs seek injunctive and equitable relief and damages from BOA for

12  intentionally and/or negligently under-reporting to the IRS Class Members' "mortgage interest"

13  payments to BOA. Class Members also seek declaratory relief asking the Court to declare that

14  BOA's accounting and reporting practices are wrongful and that BOA be required to issue corrected

15  IRS Form 1098s to Class Members for all tax years where BOA under-reported mortgage interest

16  payments from Class Members to the IRS.

17       9.    Plaintiffs' further request as ancillary equitable relief that BOA pay for any

18  CPA/accounting fees that Class Members will incur in amending their tax returns to reflect the

19  additional deductible mortgage interest that should have been available to them. Additional

20  injunctive relief is requested to prohibit BOA from issuing IRS Form 1098s in the future that do not

21  account for Class Members' payments to BOA of "deferred interest" on their Option ARM loans.

22       10.    By not accounting for Class Members' payments of "unpaid interest" or "deferred

23  interest" on IRS Form 1098, Plaintiff and the Class Members are being, and have been, deprived of

24  the ability to deduct from their taxable income all "mortgage interest" paid to BOA, thereby (1)

25  increasing the overall taxable income of Class Members by potentially tens of millions of dollars,

26  and (2) decreasing BOA's reportable earned income to the IRS.

27

28  ///

## THE PARTIES

11.     Plaintiff is, and at all times mentioned herein was, an individual residing in the County and City of San Diego, State of California.  Plaintiff has a mortgage loan owned and/or serviced by BOA.  Plaintiff received IRS Form 1098s from BOA which under-reported the amount of "mortgage interest" Plaintiff paid to BOA in 2009, 2010 and 2011.

12.     Class Members reside in or are located throughout the United States and in foreign jurisdictions and each Class Member either owns a main home, second home, residential rental home, or combinations thereof in the United States with a BOA-owned Option ARM loan.  Each Class Member received from BOA an IRS Form 1098 which under-reported the amount of "mortgage interest" the Class Members paid to BOA.

13.     Defendant BANK OF AMERICA, N.A. is, and at all times mentioned herein was, a national banking association with corporate headquarters located at 100 N. Tryon St., Charlotte, North Carolina.

14.     Non-Defendant BAC HOME LOANS SERVICING, L.P. (formerly doing business as Countrywide Home Loans Servicing, LP), is, and at all times mentioned herein was, a limited partnership registered in the State of Texas with corporate headquarters located at 7105 Corporate Drive, Plano, Texas.  At all relevant times, BAC Home Loans Servicing, LP did the acts complained of herein up to and including July 11, 2011, at which time it merged with and into defendant Bank of America, N.A.

15.     Non-Defendant BAC Gp, LLC (formerly Countywide Gp, LLC) is, and at all times mentioned herein was, a limited liability company registered in the State of Nevada with its company headquarters located at 4500 Park Granada, Calabasas, California, and at all relevant times was and is the General Partner of non-defendant BAC HOME LOANS SERVICING, L.P. Upon information and belief, Plaintiff alleges that at all relevant times, defendant Bank of America, N.A. is and was the Managing Member of non-defendant BAC Gp, LLC and fully controlled its activities.

///

///

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to federal question jurisdiction and the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(a) and 1332(d), because the matter in controversy exceeds $5.0 million exclusive of interest and costs and the named plaintiff and others are citizens of California and the defendant is not.  There is therefore minimal diversity between the members of the class and the defendant.  Further, more than two-thirds of the members of the putative Class Members are citizens of states different from that of the defendant.

17.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202.

18.     This Court has personal jurisdiction over each of the defendants because, among other things, each regularly does business in the State of California and in this Judicial District, and because defendants have established minimum contacts with the forum and the exercise of jurisdiction over defendants will not offend traditional notions of fair play and substantial justice.  Each of the defendants have voluntarily conducted business and solicited customers in the State of California including in this Judicial District.  Each of the defendants has committed and continues to commit the wrongful acts alleged herein in the State of California and this Judicial District.

19.     Venue is proper in this Judicial District under 18 U.S.C. §1391 and 1965.  The defendants can be found in, have one or more agents in, and/or transact or has transacted business in this judicial district and division.

## CLASS ALLEGATIONS

20.     Paragraphs 1 through 19 above are incorporated herein by reference.

21.     The named Plaintiff brings this action on his own behalf and on behalf of a class of persons similarly situated to him pursuant to Rule 23(a) and 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

22.     The named Plaintiff seeks to represent a class of:

**All mortgagors of BOA or its predecessors-in-interest who made payments of "deferred interest" to BOA on Option ARM loans secured by real property**

**in the United States (or in its territories and protectorates) which BOA did not report on the mortgagors' IRS 1098 form.**

Plaintiffs reserve the right to amend the definition of the Class following discovery.

23.     Plaintiff does not know the exact size of the Class or the identities of the Class Members since such information is in the exclusive control of defendant. Plaintiff believes that the Class encompasses hundreds of thousands, if not millions, of individuals who are geographically dispersed throughout the United States. The number of members in the Class are so numerous that joinder of all Class Members is impracticable.

24.     There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individuals. Among these common questions are:

    a.     Whether "deferred interest" or "unpaid interest" that was paid by Class Members to BOA is "mortgage interest" for Internal Revenue Service reporting purposes;

    b.     Whether BOA under-reported Class Members' deferred mortgage interest payments to the Internal Revenue Service;

    c.     Whether BOA maintains written and unwritten policies, procedures and/or practices concerning the accounting and reporting of mortgage "deferred interest" or "unpaid interest" payments received by BOA from Class Members;

    d.     Whether BOA acted intentionally in committing its wrongs against the Class;

    e.     Whether there is any ambiguity in the Option ARM loan contracts of the Class Members as to the accounting of "deferred mortgage interest" payments;

    f.     Whether BOA's disclosures to consumers were adequate as to how it would treat payments of "deferred mortgage interest;"

    g.     What injunctive relief would be appropriate to prevent further wrongful conduct by BOA; and

h.     What remedial measures would be appropriate to remedy the wrongs that have been done by BOA to the Class?

25.     The claims of the representative party are typical of the claims of the Class and do not conflict with the interests of any other members of the Class in that both the Plaintiff and the other members of the Class were subjected to the same wrongful policies, practices and procedures of Defendant.

26.     The named Plaintiff will fairly and adequately represent the interests of the Class. The named Plaintiff has retained skilled and experienced counsel to represent the Class in class action litigation.

27.     Prosecution of separate actions by individual Class Members challenging defendant's policies, practices and procedures that have class-wide application and effect would create the risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for the Defendant.

28.     Prosecution of separate actions would also create the risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of Class Members who are not parties to those adjudications and would substantially impair or impede their ability to protect their interests.

29.     In adopting and implementing the policies, practices and procedures hereinafter alleged, Defendants have acted, failed to or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or declaratory relief with respect to the Class as a whole.

30.     The class action is superior to other available methods for fairly and efficiently adjudicating the issues concerning whether Defendant's policies, practices and procedures in accounting for and reporting the payment of "deferred mortgage interest" received by BOA have class-wide impact and effect are in violation of IRS requirements.

///

///

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

31.    Plaintiff hereby incorporates by reference and pleads the following facts and allegations into all Counts hereinafter alleged:

### A.    BOA OPTION ARM LOAN AND SERVICING ACTIVITIES

32.    Plaintiff is informed and believes, and thereon alleges, that BOA is among the largest mortgage lenders and mortgage servicing companies in the United States.

33.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times, BOA owns, owned, serviced and/or services many hundreds of thousands, if not millions of mortgage loans throughout the United States, and at least tens of thousands within just this Judicial District.

34.    Among the mortgage loans previously or presently owned and/or serviced by BOA are a substantial number of mortgage loans (number unknown but estimated to be in the hundreds of thousands if not millions) commonly referred to as "Option ARMs."

35.    Option ARMs are adjustable rate mortgage loans where, pursuant to the deed of trust and/or promissory note, the borrower has the option to make minimum monthly mortgage payments to BOA that may not fully pay the interest then due on the promissory note.  The interest due which is not covered by the borrowers' "Minimum Payment" is identified by BOA as "deferred interest" or "unpaid interest" and is added to the mortgage loan balance by BOA.

36    BOA defines the "Principal" in the Option ARM loans as the "Original Loan Amount."  This does not include any accrued "deferred interest."  An increase in the loan amount due BOA is identified by BOA as "Negative Amortization."  But an increase in the mortgage loan balance due to "Negative Amortization" does not equate to an increase in the "Original Loan Amount" or the "principal balance."

37.    Plaintiff is informed and believes, and thereon alleges, that Class Members have or had their Option ARM loans owned and/or serviced by BOA in all fifty (50) states of the United States and, on information and belief, in Puerto Rico, the United States Virgin Islands and other United States territories and protectorates.

### B.    BOA OPTION ARM LOANS AND DEFERRED UNPAID INTEREST

38.    Plaintiff is informed and believes, and thereon alleges, that BOA owns and/or

1   services hundreds of thousands (and perhaps millions) of Option ARMs having an aggregate value in

2   the multiple billions of dollars.  Many, if not all, of the Option ARMs owned by BOA originated

3   from lending institutions which BOA has acquired over the years including, but not limited to,

4   Countrywide Financial which BOA purchased for $4.1 billion in 2008.

5      39.    Plaintiff is informed and believes, and thereon alleges, that the vast majority of

6   mortgages owned and/or serviced by Countrywide and its subsidiaries and affiliates were Option

7   ARMs.

8      40.    Plaintiff is informed and believes, and thereon alleges, that in 2006, Countrywide

9   financed approximately twenty percent (20%) of all mortgages in the United States, at a value of

10   about 3.5% of United States Gross Domestic Product, a proportion greater than any other single

11   mortgage lender

12   **C.    BOA HAS A DUTY TO ACCURATELY REPORT THE AMOUNT OF**

13   **MORTGAGE INTEREST PAID TO BOA BY CLASS MEMBERS**

14      41.    The United States Department of the Treasury - Internal Revenue Service ("IRS")

15   requires that BOA annually file "Form 1098" ("Mortgage Interest Statement") with the IRS

16   reporting the amount of "mortgage interest" paid to BOA by Class Members.  Mortgage interest

17   expenses can be and are used as deductions by Plaintiff and Class Members on an income tax return

18   to reduce taxable income and the overall amount of taxes owed by Plaintiff and Class Members to

19   the IRS.  [See 26 U.S.C. § 6050H, IRS Publication 936 and IRS Publication 527]

20      42.    Pursuant to 26 U.S.C. § 6050H and IRS Publication 936, "mortgage" is defined as:

21   "...*any obligation secured by real property.*"

22      43.    In IRS Publication 936, the IRS defines *"Home Mortgage Interest" as: "... any*

23   *interest you pay on a loan secured by your home (main home or a second home.)*"

24      44.    In IRS Publication 936, the IRS allows for deduction of mortgage interest as follows:

25   "***Fully deductible interest***.  *In most cases, you can deduct all of your home mortgage interest.*"

26      45.    The IRS also allows for the deduction of mortgage interest paid on Residential Rental

27   Properties.  [See IRS Publication 527 and IRS Publication 535- Chapter 4].  The Plaintiff's property

28   is a residential rental property.

46.     BOA is engaged in a trade or business which, in the course of such trade or business, receives from individuals six-hundred dollars ($600) or more in mortgage interest on any one mortgage it owns and/or services during the calendar year.

47.     Each year, BOA has a duty to accurately report to the IRS more than $600 of "mortgage interest" BOA receives from borrowers/payers, including, but not limited to, Plaintiff and Class Members, during the previous year. [See 26 U.S.C. § 6050H, IRS Form 1098 – *Instructions For Payer/Borrower, IRS 2012 Instructions for Form 1098* published September 15, 2011 as Cat. No. 27977Q, and Form 1098 Instructions for previous tax years]

48.     Each year, BOA has a duty to provide to Plaintiff and Class Members a copy of the IRS Form 1098 BOA files with the IRS stating the accurate amount of "mortgage interest" paid to BOA by its borrowers during the reportable tax year. [See 26 U.S.C. § 6050H, IRS Form 1098 – *Instructions For Payer/Borrower, IRS 2012 Instructions for Form 1098* published September 15, 2011 as Cat. No. 27977Q, and Form 1098 Instructions for previous tax years.] Plaintiff is informed and believes, and thereon alleges, that at all relevant times hereto, BOA reports "mortgage interest" on IRS Form 1098s without distinguishing between mortgage interest paid on loan obligations secured by main homes, second homes or residential rental property owned by Plaintiff and/or Class Members.

**D.     PLAINTIFFS' "DEFERRED INTEREST" PAYMENTS TO BOA**

49.     In 2005, Plaintiff obtained an Option ARM loan in the amount of $392,000 from one of BOA's predecessors-in-interest. Plaintiff executed an Adjustable Rate Note ("Note") which stated that $392,000 "*...is called 'Principal.*'" Pursuant to the Note, Plaintiff thereafter made monthly "Minimum Payments" to BOA which did not always cover the mortgage interest then due. Attached hereto as "EXHIBIT A-1" and made a part of this Complaint is a true and correct copy of the Note.

50.     Since 2005, Plaintiff has received Monthly Home Loan Statements from BOA and its predecessors. Plaintiff is informed and believes, and thereon alleges, that all Class Members received substantially similar Monthly Home Loan Statements from BOA. Attached hereto as "EXHIBIT B" and made a part of this Complaint, is a true and correct copy of Plaintiff's redacted November 2011 Monthly Home Loan Statements received from BOA.

1    51.    BOA represented to Plaintiff and Class Members that if the "*Minimum Payment is*

2    *less than the Interest Only Payment*" paying the "*Minimum Payment will not be enough to cover the*

3    *interest due*." [EXHIBIT B - page 1].

4    52.    BOA further represented to Plaintiff and Class Members that "*The interest due, which*

5    *is not covered by [Plaintiff's and Class Members'] Minimum Payment, is known as __Deferred__*

6    *__Interest__ and will be added to the amount [Plaintiff and Class Members] owe on [Plaintiff and Class*

7    *Members'] loan.*" [EXHIBIT B – page 1].

8    53.    BOA further represented to Plaintiff and Class Members that "*Negative*

9    *amounts...shown in the __deferred interest__ column are added to the principal balance.   This results*

10   *from making a Minimum Payment that is less than the interest due.*"   [EXHIBIT B – page 1].

11   54.    Page 2 of EXHIBIT B discloses a column for "Principal/Deferred Interest" with an

12   asterisk (*) noting that "*Amounts preceded by a (-) sign have been added to the principal balance.*"

13   55.    Page 3 of EXHIBIT B offers Plaintiff and Class Members four (4) options to make

14   payments to BOA (hence "Option ARM"). BOA represented to Plaintiff and Class Members that in

15   choosing the Minimum Payment in Option 3:

16              "*If this amount is less than the Interest Only, this will not be enough to pay all*
               *of the interest due, will not reduce your principal, and __the unpaid interest will__*
17             *__be added to your principal__.* " [emphasis added - see page 3 of EXHIBIT B]

18   56.    Importantly, on BOA's Monthly Home Loan Statements, BOA represented the

19   "Principal" was to be the "Original Loan Amount" and accounted for Plaintiff's monthly payment by

20   applying such payment to either; (1) "Interest;" or (2) "Principal/Deferred Interest," thus drawing a

21   distinction between principal and deferred interest.  Plaintiff is informed and believes, and thereon

22   alleges, that all Class Members received similar statements and were subject to similar accounting of

23   their payments on their BOA Monthly Home Loan Statements.

24   57.    Pursuant to the Note, Plaintiff elected to make "Minimum Payments" to BOA. These

25   Minimum Payments, which were expressly allowed by the terms of the Note, did not always cover

26   the interest that would have been due under a fully amortized or interest-only payment schedule. At

27   other times, Plaintiff has paid more than the interest and principal due in a given month.

28

58.     Plaintiff is informed and believes, and thereon alleges, that in months when interest rates were higher and Plaintiff and Class Members made Minimum Payments to BOA, deferred interest accrued and the Option ARM loan balances increased.

60.     Plaintiff is informed and believes, and thereon alleges, that in months when interest rates were lower and Plaintiff and Class Members made Minimum Payments which were more than the interest due for that month, BOA applied that portion of the Minimum Payment that was more than the interest due for that month to decrease the Option ARM loan balance. Contrary to the practice of other national banks, BOA wrongfully considers this payment of "deferred interest" as merely "a reduction in principal." And this is where the problem lies.

61.     In 2009, applicable interest rates on Option ARMS began to decrease.  Plaintiff's mortgage loan balance also decreased when BOA applied a portion of Plaintiff's Minimum Payments (which included payments of accrued "deferred interest") as a 'reduction in principal" as opposed to payment of "deferred interest."  Plaintiff is informed and believes, and thereon alleges, that all Class Members were similarly affected and thereby reduced their outstanding mortgage loan balance amounts due BOA in the year 2009 and perhaps before.

62.     In or about January 2010, BOA mailed 2009 IRS Form 1098 to Plaintiff.  BOA under-reported Plaintiff's "mortgage interest" by more than $3,000.  Relying upon this Form 1098, Plaintiff did not report the additional mortgage interest payment of more than $3,000 to the IRS and did not take a deduction on his tax return for that amount.

63.     As a result of BOA's accounting practices, Plaintiff is informed and believes, and thereon alleges, that Class Members are and were similarly affected by BOA's under-reporting of mortgage interest to the IRS.  Class Members are and were deprived of the ability to adequately prepare their tax forms and deduct from their taxes the full amount of mortgage interest they paid to BOA in 2009.

64.     At the beginning of 2009, Plaintiff's mortgage balance was approximately $428,000.  By the end of 2009, as a result of Plaintiff's payment of "deferred interest," (which BOA erroneously characterized as a "reduction in principal") Plaintiff's mortgage balance dropped to approximately $425,000.  Plaintiff is informed and believes, and thereon alleges, that Class

1   Members were similarly affected and started to see a reduction of their outstanding mortgage loan

2   balance amounts due BOA.

3       65.   In 2010, Plaintiff again paid BOA monthly "Minimum Payments" which were greater

4   than the interest then due for those months.  BOA again paid the additional amount over the interest

5   due for those months toward the mortgage loan balance as a "reduction in principal" as opposed to

6   Plaintiff's payment of "deferred interest."

7       66.   In or about January 2011, BOA mailed Plaintiff 2010 IRS Form 1098.  BOA again

8   under-reported Plaintiff's "mortgage interest" by approximately $10,116.  Relying upon this Form

9   1098, Plaintiff did not report the additional "mortgage interest" payment of $10,116 to the IRS and

10   did not take a deduction on his tax return for that amount.

11       67.   As a result of BOA's accounting practices, Plaintiff is informed and believes, and

12   thereon alleges, that Class Members are and were similarly affected by BOA's under-reporting of

13   mortgage interest to the IRS.  As a result, Class Members are and were deprived of the ability to

14   adequately prepare their tax forms and deduct from their taxes the full amount of "mortgage interest"

15   they paid to BOA in 2010.

16       68.   At the beginning of 2010, Plaintiff's mortgage balance was approximately $425,000.

17   By the end of 2010, thanks to BOA's wrongful accounting practices in applying Plaintiff's payment

18   of "deferred interest" to principal, Plaintiff's loan balance dropped to approximately $414,000.

19   Plaintiff is informed and believes, and thereon alleges, that Class Members were similarly affected

20   by their deferred interest payments reducing their outstanding mortgage balance loan amounts due

21   BOA.

22       69.   In 2011, Plaintiff paid BOA monthly "Minimum Payments" which BOA again

23   wrongfully accounted for payments of "deferred interest" by later characterizing them to be

24   "reductions in principal."

25       70.   In or about January 2012, BOA mailed Plaintiff 2011 IRS Form 1098.  BOA under-

26   reported Plaintiff's "mortgage interest" to the IRS by $10,628.  Relying upon this IRS Form 1098,

27   Plaintiff did not report the additional "mortgage interest" payment of $10,628 to the IRS and did not

28   take a deduction on his tax return for that amount.

71.     Having first realized the under-reporting of mortgage interest by BOA in March 2012, Plaintiff contacted BOA about the discrepancy in "mortgage interest" payments on the IRS Form 1098 issued to him by BOA.  BOA informed Plaintiff that the $10,628 "deferred interest" payments were a "reduction in principal" and therefore not reportable on IRS Form 1098 as "mortgage interest."  Plaintiff disagreed with this characterization and requested a corrected IRS Form 1098. BOA refused.

72.     As a result of BOA's mischaracterization of deferred interest payments as principal reduction payments, Plaintiff is informed and believes, and thereon alleges that Class Members are and were similarly affected by BOA's under-reporting of mortgage interest and are and were deprived of the ability to adequately prepare their tax forms and deduct from their taxes the full amount of mortgage interest they paid to BOA in 2011.

73.     At the beginning of 2011, Plaintiff's loan balance was approximately $414,000.  By the end of 2011, as a result of Plaintiff's payments of "deferred interest" which BOA wrongfully applied to reduce the principal of Plaintiff's loan, Plaintiff's loan balance dropped to approximately $404,700.  Plaintiff is informed and believes, and thereon alleges, that Class Members were similarly affected by their payments of deferred interest.

74.     On or about May 26, 2011 and May 28, 2012, BOA mailed to Plaintiff an "*Adjustable-Rate Mortgage (ARM) Payment Adjustment Notice*" ("Notices").  Attached hereto as "EXHIBIT C" and made a part of this Complaint, are true and correct copies of the Notices.

75.     Among other things, the Notices represent that the "unpaid interest" is added to the consumer's "mortgage balance," not to the loan principal:

> "***Making your Minimum Payment each month may not be enough to cover the interest you owe on your mortgage and, if that is the case, will cause your <u>mortgage balance</u> to increase because the <u>unpaid interest each month is added to your mortgage balance</u>.***" [emphasis added]

76.     Plaintiff is informed and believes, and thereon alleges, that Class Members received similar Notices from BOA.

77.     In or about June 2011, BOA mailed to Plaintiff a "*Notice of Assignment, Sale or Transfer of Servicing Rights.*" Such Notice advised Plaintiff that the servicing of his mortgage loan

1  and the right to collect payments thereunder would transfer from BOA Home Loans Servicing, LP to

2  Bank of America, N.A. effective July 1, 2011. Plaintiff is informed and believes, and thereon

3  alleges, that Class Members received similar notices of transfer of servicing from BOA.

4        **E.**    **BOA UNDER-REPORTED PAYMENTS OF "MORTGAGE INTEREST" TO**

5              **THE IRS**

6       78.    Plaintiff alleges that BOA has a duty to accurately report <u>all</u> payments of mortgage

7  "unpaid interest" or "deferred interest" BOA received during the tax year from Plaintiff and Class

8  Member when reporting "mortgage interest" on IRS Form 1098.

9       79.    Upon information and belief, at all relevant times hereto, BOA failed to report to the

10  IRS payments of mortgage "deferred interest" or "unpaid interest" it received from Plaintiff and

11  Class Members.

12       80.    By not including payments of mortgage "deferred interest" or "unpaid interest" on

13  IRS Form 1098, BOA filed with the IRS hundreds of thousands, if not millions, inaccurate IRS Form

14  1098s under-reporting the amount of "mortgage interest" payments Plaintiff and Class Members

15  paid to BOA.

16       81.    During all relevant times, the IRS published "Tax Tips" to taxpayers. In 2011, the

17  IRS published the following Tax Tip:

18         ***"IRS Tax Tip 2011-48, March 9, 2011***

19           *When filing your federal income tax return, taxpayers can choose to either take*
         *the standard deduction or to itemize their deductions. The IRS has put together*

20           *the following six facts to help you choose the method that gives you the lowest tax.*

21           *Whether to itemize deductions on your tax return depends on how much you spent*
         *on certain expenses last year.* ***Money paid for… mortgage interest, …can reduce***

22           ***your taxes. If the total amount spent on those categories is more than*** <u>***your***</u>
         <u>***standard deduction, you can usually benefit by itemizing.***</u>" [emphasis added]

23

24       82.    Upon information and belief, at all relevant times hereto, Plaintiff and the vast

25  majority, if not all, of Class Members relied upon the BOA-provided IRS Form 1098 when

26  preparing their tax returns and determining if they would take the standard deduction or itemize their

27  tax deductions, and then calculated their taxable income for the IRS and state revenue agencies.

28

83.     Upon information and belief, at all relevant times hereto, Plaintiff and Class Members either: (1) reported the amount of under-reported "mortgage interest" shown on the BOA-provided IRS Form 1098s as the amount of the "mortgage interest" deduction that could be taken by Plaintiff and Class Members; or (2) took a "standard deduction" on their tax returns because the amount shown on the BOA-provided IRS Form 1098s did not exceed the "standard deduction" allowed by the IRS.

84.     Upon information and belief, at all relevant times hereto, BOA systematically failed and/or refused to properly account on its own financial statements and tax returns for millions, if not billions, of dollars of "deferred interest" or "unpaid interest" income BOA received from Plaintiff and Class Members.

85.     By systematically accounting for the "unpaid interest" or "deferred interest" in that manner that it does and did, Plaintiff is informed and believes, and thereon alleges, that BOA has deprived Plaintiff and Class Members of "mortgage interest" tax deductions that would otherwise have been and should be available to Plaintiff and Class Members.

86.     Plaintiff is informed and believes, and thereon alleges that BOA has engaged in this wrongful accounting practice solely to benefit itself by reducing its public debt exposure and to avoid reporting interest income and payment of income taxes on such earned income.

87.     Plaintiff is informed and believes, and thereon alleges, that other mortgage lenders and servicers, including, but not limited to, Wells Fargo Bank, N.A., have similar Option ARM loans in their portfolio and report to the IRS and the individual borrowers the payment and receipt of all mortgage interest paid to them during the tax year which includes their borrowers' payments of "deferred interest."

## PRELIMINARY AND PERMANENT INJUNCTION

88.     Plaintiff re-alleges and hereby incorporates each and every allegation contained in Paragraphs 1 through 87 of this Complaint as though fully set forth herein.

89.     Plaintiff is informed and believes, and thereon alleges, that defendant's acts and omissions as alleged above, if allowed to continue will cause significant problems in the future for

Plaintiff and Class Members who seek to take a tax deduction for "mortgage interest" on their annual tax returns,

90.     Plaintiff is informed and believes, and thereon alleges that Plaintiff and Class Members will have no adequate remedy at law for BOA's under-reporting of their payment of "mortgage interest" to the IRS in any given tax year.

91.     Plaintiff is informed and believes, and thereon alleges that defendant's wrongful actions and omissions as alleged above, if permitted to continue and occur, will cause great and irreparable harm to Plaintiff and Class Members.  It is impossible for Plaintiff to assess the precise amount of damages that Plaintiff and Class Members will sustain if defendants' conduct is not enjoined.

92.     As a proximate result of defendant's continuing wrongful conduct, Plaintiff and Class Members will suffer from the inability to easily account for a mortgage interest deduction with the IRS when filing their annual tax returns.

93.     Wherefore, Plaintiff seeks to enjoin BOA from issuing any IRS Form 1098 or corrected IRS Form 1098 which does not account for BOA's receipt of "deferred interest" or "unpaid interest" payments from Plaintiff and Class Members.

## COUNT I
### BREACH OF CONTRACT

94.     Plaintiff re-alleges and hereby incorporates each and every allegation contained in Paragraphs 1 through 93 of this Complaint as though fully set forth herein.

95.     With the origination of each loan, BOA, or its predecessors-in-interest, provided Plaintiff and Class Members with deeds of trust and promissory notes, and related loan documents, which serve as the contract between the Class Members and BOA ("loan documents").

96.     The loan documents do not contain any provision governing the manner in which BOA would account for the reporting of mortgage interest to Class members and the IRS on IRS Form 1098.  True and correct copies of Plaintiff's Note and Adjustable Rate Rider are attached hereto as EXHIBIT A-1 and A-2 respectively.

97.   The Note in Section 3(f) and the Adjustable Rate Rider in Section 3(E) – "Additions to My Unpaid Principal"— provide that BOA "...will add [the deferred interest] to [the] unpaid Principal."

98.   Plaintiff alleges it is clear from the Note and Rider that "deferred" or "unpaid" interest is merely an <u>addition</u> to Principal and not a part of "Principal" which is specifically defined in Plaintiff's Note as "$392,000;" an exact figure that BOA subsequently seeks to re-define from time to time to suit its purposes at the expense of Plaintiff and Class Members.

99.   When the provisions of the Note and Rider are read in conjunction with BOA's other loan-related documents, including EXHIBITS A and B, Plaintiff alleges that BOA's loan documents are, at a minimum, ambiguous, and at worst, intentionally misleading.

100.   Plaintiffs allege that BOA's contracts with the Class Members contain an implied covenant of good faith and fair dealing requiring BOA to deal fairly and in good faith with Plaintiffs and that BOA has breached this covenant by doing the things herein alleged.

101.   Moreover, upon information and belief, Plaintiffs allege that each Class Members' Deed of Trust and Promissory Note contain terms requiring BOA to comply with and be "...governed by federal law and the law of the jurisdiction in which the property is located."

102.   Upon information and belief, it is alleged that at the time Plaintiff and the Class Members made their deferred interest mortgage payments, they had performed all obligations required of them by the loan documents, except those that were waived or excused.

103.   Further, BOA had a duty to fully and unambiguously disclose to Plaintiffs how it would account for and report Plaintiffs' "deferred interest" payments.

104.   Plaintiffs allege that BOA made it impossible to "defer" any interest since, as soon as deferred interest payments were received by BOA, BOA characterized those payments as "reductions in principal" instead of "deferred interest" payments.  Accordingly, Plaintiffs allege that BOA never intended for Plaintiffs to be able to pay "deferred interest" on the ARMs.

105.   After receiving Plaintiff's and the Class Members mortgage interest payments, BOA breached the implied covenant of good faith and fair dealing and the "Governing Law" provisions of the loan documents by failing to report to the IRS mortgage payments of "deferred interest" or

1 | "unpaid interest" it received from Plaintiff and Class Members consistent with IRS regulations and

2 | guidelines.  This inaccurate reporting caused Class Members to receive inaccurate IRS Form 1098s

3 | thereby depriving them of significant tax deductions.

4 | 106.   As a result of BOA's breach of the covenant of good faith and fair dealing and the

5 | federal law applicable to the accurate reporting of the payment and receipt of "mortgage interest,"

6 | Plaintiff and the Class Members have been damaged because of the significant loss of the tax

7 | deductions in an amount to be proven at time of trial including, but not limited to, damages needed

8 | to compensate Plaintiff and Class Members for the expenses to be incurred by them in filing

9 | amended tax returns for each year BOA under-reported the mortgage interest amounts on IRS 1098

10 | forms.

11 |

12 | **<u>COUNT II</u>**

13 | **NEGLIGENCE PER SE**

14 | [VIOLATION OF 26 U.S.C. § 6050H AND IRS RULES]

15 | 107.   Plaintiff re-alleges and hereby incorporates each and every allegation contained in

16 | Paragraphs 1 through 106 of this Complaint as though fully set forth herein.

17 | 108.   At all relevant times, BOA was required to file true and accurate Information Returns

18 | (i.e., IRS Form 1098s) with the IRS on an annual basis pursuant to 26 U.S.C. § 6050H and IRS

19 | official publications and rules thereunder.  [See also IRS 2012 General Instructions for Certain

20 | Information Returns (including Form 1098) and 2012 Instructions For Form 1098 and all prior years

21 | Instructions].

22 | 109.   At all relevant times, the IRS published official instructions to those persons/entities

23 | engaged in a business or trade where such trade or business receives from individuals, including

24 | Plaintiff and Class Members, six-hundred dollars ($600) or more in mortgage interest on any one

25 | mortgage it owns and/or services during the calendar year.  [See *IRS 2012 General Instructions for*

26 | *Certain Information Returns* (including Form 1098) and 2012 *Instructions For Form 1098* and all

27 | prior years Instructions].

28 |

110.   As alleged above, BOA had a duty to accurately report to the IRS the amount of mortgage interest Plaintiff and Class Members paid BOA.  BOA breached its legal/statutory duty by filing IRS Form 1098s that under-reported the actual "mortgage interest" income it received from Plaintiff and Class Members.

111.   As a proximate result of BOA's breach of its statutory duty as herein alleged, Plaintiff and Class Members have been harmed by having inaccurate Form 1098s filed with the IRS by BOA. As a result, Plaintiffs have been deprived of the ability to accurately report to the IRS the full amount of the mortgage interest deduction and/or itemize their deductions in lieu of taking the standard deduction.

112.   Wherefore, Plaintiff and Class Members have been damaged in an amount to be proven at time of trial including, but not limited to, damages needed to compensate Plaintiff and Class Members for the expenses to be incurred by Plaintiff and Class Members in filing amended tax returns for each year BOA under-reported the mortgage interest amounts.

## COUNT III

### NEGLIGENT MISREPRESENTATION

113.   Plaintiff re-alleges and hereby incorporates each and every allegation contained in Paragraphs 1 through 112 of this Complaint as though fully set forth herein.

114.   On IRS Form 1098 for the 2009 tax year, BOA represented to Plaintiff and the IRS that Plaintiff had paid BOA "mortgage interest" of $17,952 when, in fact, Plaintiff had paid approximately $22,936.

115.   On IRS Form 1098 for the 2010 tax year, BOA represented to Plaintiff and the IRS that Plaintiff had paid BOA "mortgage interest" of $17,952 when, in fact, Plaintiff had paid approximately $25,395.

116.   On IRS Form 1098 for the tax year 2011, BOA represented to Plaintiff and the IRS that Plaintiff had paid BOA "mortgage interest" of $17,952 when, in fact, Plaintiff had paid at least $22,603.

117.   Plaintiff is informed and believes, and thereon alleges that defendants followed a systematic pattern of misrepresenting "mortgage interest" on all IRS Form 1098s it provided to Class Members.   The exact misrepresentation made by BOA (i.e., the exact amount of the mortgage interest actually paid to BOA by Class Members) is known exclusively to BOA and the unidentified Class Members.   This Complaint will be amended, if required, to specify each and every misrepresentation made by BOA on IRS Form 1098.

118.   By under-reporting Plaintiff's and Class Members' mortgage interest on IRS Form 1098, BOA misrepresented to Plaintiff, Class Members and the IRS the actual amount of mortgage interested paid by Plaintiff and Class Members to BOA in any given year.

119.   Plaintiff is informed and believes, and thereon alleges that this type of misrepresentation of mortgage interest paid by Plaintiff and Class Members was commonly made by BOA on every IRS Form 1098 that BOA filed with the IRS and provided to Plaintiff and Class Members.

120.   This common misrepresentation of mortgage interest paid by Plaintiff and Class Members was material in that the amount reported on the IRS Form 1098 determined whether Plaintiff and Class Members would take an itemized deduction or take the "standard deduction."

121.   Additionally, this common misrepresentation of mortgage interest paid by Plaintiff and Class Members was material in that, if Plaintiff and Class Members chose to take an itemized deduction based on the amount reported on the IRS Form 1098 by BOA, Plaintiff and Class Members understated their allowable deduction for mortgage interest thereby paying additional taxes that would otherwise not be payable.

122.   The representations on Plaintiff and Class Members' IRS Form 1098s were, in fact, false. Should it be the case that the defendants did not know how to properly account for and report "mortgage interest" on IRS Form 1098, defendants should have known how to do so by employing presumably competent tax advisors, being familiar with industry-wide practices, and reviewing the verbiage of BOA Monthly Home Loan Statements (i.e., "unpaid interest"), the Internal Revenue Code, and IRS rules and publications.

123.   The common representations on IRS Form 1098 were made with the intention to induce Plaintiff and Class Members to rely upon them by in preparing and accurately calculating their taxable income for the IRS.

124.   Plaintiff's and Class Members' reliance upon the representations was reasonable and justified as the calculation of interest payments on Option ARM loans is a mystery to most people who do not have the algorithms to make such calculations or even begin to know how to calculate the manner in which interest payments are applied.

125.   Plaintiff's and Class Members' reliance upon the representations was reasonable and justified given the fact that BOA is a highly-regulated national bank having a legal duty to accurately calculate and report mortgage interest to the IRS.  Plaintiff and Class Members had a right to rely upon BOA to accurately calculate the mortgage interest they paid to BOA.

126.   Additionally, Plaintiff's and Class Members' reliance upon the representations was reasonable and justified given Plaintiff and Class Members belief that BOA would act in good faith in calculating and reporting mortgage interest on IRS Form 1098.

127.   Plaintiff and Class Members had no reason to believe that the representations made on IRS Form 1098 by BOA were not true.

128.   Plaintiff is informed and believes, and thereon alleges that in reliance on these representations, Plaintiff and Class Members were induced to and did file tax returns with the IRS based upon the misrepresentations of BOA.

129.   As a proximate result of defendants' wrongful acts and omissions as alleged herein, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial including, but not limited to, damages needed to compensate Plaintiff and Class Members for the expenses incurred by Plaintiff and Class Members in filing amended tax returns for each year BOA under-reported the mortgage interest amounts.

## COUNT IV

### INTENTIONAL MISREPRESENTATION

130.   Plaintiff re-alleges and hereby incorporates each and every allegation contained in

Paragraphs 1 through 129 of this Complaint as though fully set forth herein.

131.    When BOA made the above misrepresentations, the defendants knew them to be false.  The defendants knew that Plaintiff's and Class Members' principal balance is and was the same as the "Original Loan Amount" and, in each instance, knew that Plaintiff's and Class Members' principal balances had not decreased – only the "mortgage balances" decreased.

132.    More specifically, the defendants knew that the increase in Plaintiff's and Class Members' mortgage balances was attributable to accrued "unpaid interest" and any payment of such unpaid interest would be reportable as "mortgage interest" on IRS Form 1098.

133.    The common misrepresentations were made with the intention to induce Plaintiff and Class Members to rely upon them so that BOA could account for the receipt of such income in some manner beneficial to BOA and detrimental to Plaintiff and Class Members.

134.    As a proximate result of defendants' wrongful acts and omissions as alleged herein, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

135.    The aforementioned conduct and misrepresentations of defendant constituted intentional misrepresentation, deceit and concealment of material fact known to defendants with an intention on the part of defendants to deprive Plaintiff and Class Members their legal rights or otherwise cause them injury.  The knowing and intentional mischaracterization was done with the specific intent to benefit BOA with a complete disregard to the harm BOA knew would be caused to Plaintiff and Class Members.

136.    Plaintiffs allege that such acts and omissions constitute despicable conduct which subjected Plaintiff and Class Members to loss of tax deductions and unjust hardship in conscious disregard of their rights so as to justify an award of punitive damages against defendant.

## COUNT V

### UNFAIR/DECEPTIVE BUSINESS PARACTICES

137.    Plaintiff re-alleges and hereby incorporates each and every allegation contained in Paragraphs 1 through 136 of this Complaint as though fully set forth herein.

138.   California Business & Professions Code §§ 17200 et seq. ("UCL") prohibits acts of unfair competition, including any "unlawful, unfair or fraudulent business act or practice."

139.   Defendants' scheme included making false and misleading representations to borrowers, occurring, in part, in California, which constitutes unlawful, unfair and fraudulent business practices under the UCL. In particular, because defendants' Option ARM loans were primarily obtained from Countrywide Financial which was headquartered in California, and thus the offending conduct originally emanated from California.  Thus, the UCL can be fairly applied to a class of borrowers, both within and outside of California, who have been harmed as a result. Moreover, California has a substantial interest in preventing fraudulent practices within the state which may have an effect both in California and throughout the rest of the country.  However, in the event that the Court determines that the UCL cannot be applied in these circumstances outside of California, then plaintiff asserts that a separate subclass of California borrowers should be certified for plaintiff's UCL claim.  This class would be defined in the same manner as the main class, but would be limited to Class Members with loans secured by real property in California.

140.   Specifically, Plaintiff and Class Members have been injured by the false and misleading statements of BOA as hereinbefore alleged.  Plaintiff and Class Members have suffered, to varying degrees, years' worth of allowable tax deductions.

141.   Plaintiffs' claims involve questions of common and general interest as provided under California Code of Civil Procedure § 382.

142.   Plaintiffs have suffered losses of money as a result of defendants' unlawful, deceptive and unfair business practices and will incur future losses as a result of having to amend their tax returns. As a result of defendants' violations of the UCL, Plaintiffs and Class Members are entitled to bring this claim for damages and to recover restitution, reasonable attorneys' fees, and costs and other injunctive or declaratory relief as may be available.

## COUNT VI

### DECLARATORY RELIEF

143.   Plaintiff re-alleges and hereby incorporates each and every allegation contained in

1    Paragraphs 1 through 142 of this Complaint as though fully set forth herein.

2       144.   An actual controversy has arisen and now exists between Plaintiff and defendant

3    regarding the manner in which BOA accounts for Class Members' payments and BOA's receipt of

4    "deferred interest" or "unpaid interest" as alleged above.

5       145.   Plaintiff and Class Members contend that BOA: (1) wrongfully accounts for its

6    receipt of "deferred interest" payments; (2) wrongfully under-reports to the IRS and Plaintiffs the

7    amount of "mortgage interest" paid by Class Members in any given tax year; and (3) Wrongfully

8    under-reports its receipt of earned interest income on its own tax returns filed with the IRS.

9       146.   BOA contends that Class Members' payments and BOA's receipt of "deferred

10   interest" or "unpaid interest" are "reductions in principal" and are not reportable to the IRS as

11   "mortgage interest" payments received from its customers.

12      147.   A declaratory judgment is necessary to immediately resolve the issue as to whether

13   BOA should include Plaintiff's and Class Members' deferred mortgage interest payments on IRS

14   Form 1098s issued to Plaintiff and Class Members and reported to the IRS.

15      148.   Without such a declaratory judgment, Plaintiff and the Class Members will have no

16   way of determining the proper way to report and account for payments of "deferred" interest to the

17   IRS.

18      149.   Wherefore, declaratory relief is necessary and proper in this matter.

19

20                                **PRAYER FOR RELIEF**

21       WHEREFORE, Plaintiff, on behalf of himself and all Class Members, prays for judgment

22   and injunctive and equitable relief against the defendants, jointly and severally, as follows:

23       (a)   Certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure,

24             certifying Plaintiff as the representative of the Class (and potentially a California sub-

25             class), and designating his counsel as counsel for the Class;

26       (b)   A judicial declaration that defendants have committed the violations alleged herein;

27       (c)   An Order requiring BOA to issue corrected Form 1098s to Plaintiff and Class

28             Members for all years where BOA did not report "deferred interest" on such forms;

1    (d)    For general and special damages in an amount to be proven at time of trial;

2    (e)    For punitive or exemplary damages; and

3    (f)    An Order requiring defendants to pay damages for the Class Members' reasonable

4           expenses in filing amended tax returns for those years where BOA did not report

5           "deferred interest" on each Class Members' IRS Form 1098s.

6

7                                  **INJUNCTIVE RELIEF**

8           For a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, all

9    enjoining defendants from issuing any IRS Form 1098 or corrected IRS Form 1098 which does not

10   accurately account for BOA's receipt of "deferred interest" or "unpaid interest" payments from

11   Class Members and for consequential damages necessary as part of implementing the injunctive

12   relief.

13   **FOR ALL CAUSES OF ACTION**

14   1.    Interest at the legal rate on the sum of damages awarded;

15   2.    Attorney's fees according to proof at time of trial;

16   3.    Costs of suit, including expert witness fees and costs, herein incurred; and

17   4.    For such other and further relief as this Court may deem proper and just.

18

19                                    **TRIAL DEMAND**

20          Plaintiff and all those similarly situated hereby demand a trial by jury for all issues so triable.

21

22   Date: July 10, 2012                    MORRIS POLICH & PURDY LLP

23

24                                          By: _____

25                                                David Vendler

26                                          Attorney for Plaintiff RICHARD M. HORN
                                            and all those similarly situated

27

28