**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| RICHARD M. HORN, an individual and as Trustee of the Richard M. Horn Trust Dated June 16, 2003, and MARIA GUREVICH, fka Mary Bordetsky, an individual, on behalf of themselves, and on behalf of the class of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA, N.A., a national banking association<br><br>　　　　　　　　　　Defendant. | CASE NO. 3:12 cv-1718-GPC-BLM<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL AND REPRESENTATIVES, AND DIRECTING DISSEMINATION OF CLASS NOTICE**<br><br>(ECF NOS. 56, 58) |

/ / /

/ / /

/ / /

On behalf of themselves and others similarly situated, Plaintiffs Richard M. Horn and Maria Gurevich have moved this Court for an order preliminary approving a settlement in this case against Defendant Bank of America, N.A. ("BANA").  In connection with their motion, Plaintiffs have also moved for preliminary certification of two settlement classes with them as class representatives: one under Federal Rule of Civil Procedure 23(b)(3) and the other under Federal Rule of Civil Procedure 23(b)(2).  In addition, Michael R. Brown and David J. Vendler of Morris Polich & Purdy LLP, along with Jeffrey D. Poindexter of the Law Offices of Jeffrey D. Poindexter, have moved for preliminary appointment as counsel for the proposed settlement classes.

The Parties have set forth the terms of their agreement in the Settlement Agreement and Release, and the Confidential Supplemental Agreement to the Settlement Agreement and Release (collectively, the "Settlement Agreement").  The parties executed both agreements on December 13, 2013, and filed them with this Court on the same day, with the Supplemental Agreement filed under seal because of its confidential nature.

After reviewing the Settlement Agreement, record in this matter, and applicable law to determine, among other things, whether to preliminarily certify the proposed settlement classes and whether the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant notice of the proposed settlement being sent to the members of the proposed settlement classes, the Court orders as follows:

1. <u>Settlement Agreement Incorporated By Reference</u>.  This Order incorporates by reference the definitions in the Settlement Agreement.  All capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

/ / /

2

ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL AND REPRESENTATIVES, AND DIRECTING DISSEMINATION OF CLASS NOTICE, 12 cv-1718-GPC-BLM

Case 3:12-cv-01718-GPC-BLM   Document 63   Filed 01/07/14   Page 3 of 10

2. <u>Jurisdiction</u>.  The Court has personal jurisdiction over the parties and subject-matter of this case under 28 U.S.C. §§ 1331 and 1367.

3. <u>Preliminary Certification of Settlement Classes</u>.  The Court preliminarily finds that the class action prerequisites of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) have been satisfied.  *See Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) ("[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement.").

As to Rule 23(a), the Court preliminarily finds that the settlement classes are so numerous that joinder would be impractical, as each of the settlement classes are estimated, based on BANA's records, to be over 100,000 each.

The Court preliminarily finds that common questions of law and fact that can be answered on a classwide basis exist, to wit, (1) whether payment of previously deferred interest is "mortgage interest" under 26 U.S.C. § 6050H that should have been included on the Forms 1098 that BANA sent to Class Members, and (2) whether BANA was legally required to provide notice to borrowers when it stopped reporting payments of deferred interest on Forms 1098.

The Court preliminarily finds the claims of the named plaintiffs, Horn and Gurevich, are typical of the claims of the settlement classes because the named plaintiffs were subjected to BANA's Form 1098 reporting practices.

The Court preliminarily finds, based on their continued litigation of this case to date, that the named plaintiffs will fairly and adequately protect the interests of the class.  The Court further preliminarily finds that the named plaintiffs have no conflicts of interest with the settlement classes.  The Court further preliminarily finds, based on their briefing and other filings with the Court, that the named

3

ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL AND REPRESENTATIVES, AND DIRECTING DISSEMINATION OF CLASS NOTICE, 12 cv-1718-GPC-BLM

plaintiffs' attorney are experienced and generally able to conduct this litigation and that there is no evidence of collusion or other misconduct that would harm or prejudice the settlement classes.  Thus, finding the requirements of Rule 23(a) satisfied, the Court turns to the requirements of Rule 23(b).

As to the proposed Monetary Settlement Class, the Court preliminarily finds "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." See Fed. R. Civ. P. 23(b)(3).

As to predominance, the Court preliminarily finds the only significant individualized question is the amount of deferred interest paid to BANA.  The Court preliminarily finds that, given the relative ease of answering this individualized question be resort to, among other things, BANA's records, that the common questions described above predominate over this individualized question.

As to superiority, the Court preliminarily finds that there is little incentive or interest in class members individually controlling the prosecution of separate actions.  This is likely due in large part to most members of the settlement classes being unaware of BANA's Form 1098 reporting practices.  The Court further preliminarily finds that, given the proposed claims process set forth by the parties, that there will be little difficulty in managing a settlement class action.  As such, the Court finds that a class action is the superior method of resolving this case.

Accordingly, under Rule 23(b)(3), the Court preliminarily certifies the Monetary Settlement Class, which is defined in the Settlement Agreement as follows:

> All persons who made Payments of Deferred Interest on their option adjustable rate mortgages in Tax Year 2009 and for whom BANA was

4

ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL AND REPRESENTATIVES, AND DIRECTING DISSEMINATION OF CLASS NOTICE, 12 cv-1718-GPC-BLM

or would have been required by 26 U.S.C. § 6050H and 26 C.F.R. § 1.6050H-1 to file a 2009 Form 1098.

As to the Injunctive Settlement Class, the Court preliminarily finds that defendant has "acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." See Fed. R. Civ. P. 23(b)(2). More specifically, the Court preliminarily finds that BANA's Form 1098 reporting practices applied to all members of the settlement classes generally, such that final injunctive relief requiring BANA to change its Form 1098 reporting practices will affect the Injunctive Settlement Class as a whole. Accordingly, under Rule 23(b)(2), the Court preliminarily certifies the Injunctive Settlement Class, which is defined in the Settlement Agreement as follows:

> All persons who made Payments of Deferred Interest on their Option ARMs in Tax Years 2010, 2011, or 2012 and for whom BANA was or would have been required by 26 U.S.C. § 6050H and 26 C.F.R. § 1.6050H-1 to file a Form 1098 for the same Tax Year in which the Payments of Deferred Interest were made.

4.   <u>Preliminary Appointment of Class Counsel and Class Representatives</u>. After considering the factors set forth in Federal Rule of Civil Procedure 23(g), this Court hereby preliminarily appoints Michael R. Brown and David J. Vendler of Morris, Polich & Purdy LLP, along with Jeffrey D. Poindexter of the Law Offices of Jeffrey D. Poindexter, as Class Counsel for the proposed Monetary Settlement Class and the Injunctive Settlement Class. In addition, the Court hereby preliminarily appoints Named Plaintiffs Richard M. Horn and Maria Gurevich as representatives of those classes.

5.   <u>Preliminary Findings Concerning Proposed Settlement</u>. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result

of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Named Plaintiffs, or segments of the settlement classes; and (v) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Final Approval and Judgment Hearing described below.

6. <u>Final Approval and Judgment Hearing</u>.  A hearing (the "Final Approval and Judgment Hearing") will be held on **April 11, 2014, at 1:30 p.m.,** before the Honorable Gonzalo P. Curiel, U.S. District Judge, in Courtroom 2D of the Edward J. Schwartz United States Courthouse for the Southern District of California, 221 West Broadway, San Diego, California 92101, to determine, among other things, (a) whether the proposed settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court; (b) whether a Final Approval Order and Judgment in the form of Exhibit E to the Settlement Agreement should be entered in this Action; and (c) to consider Class Counsel's applications for attorneys' fees and for Named Plaintiff Case Contribution Awards.  Any papers in support of final approval of the Settlement, Class Counsel's attorneys fee award, and the Named Plaintiffs Case Contribution Award shall be filed with the Court on or before **March 14, 2013**. Final Approval of the Settlement is not contingent on the Court's approval of the attorney's fees award and the Named Plaintiffs Case Contribution Award.

7. <u>Notice</u>.  Subject to the changes noted below, the Court approves the form, substance, and requirements of the Class Notice, the Reporting Option Election Form, and the Claim Form, attached to the Settlement Agreement as Exhibits B, C, and D, respectively.  The Court finds that the procedures established for mailing and distributing the Class Notice, the Claim Form, and the Summary

6

ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL AND REPRESENTATIVES, AND DIRECTING DISSEMINATION OF CLASS NOTICE, 12 cv-1718-GPC-BLM

Notice in Sections 4.03 and 4.03 of the Settlement Agreement (a) constitute the best notice to Class members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement, to apprise Monetary Settlement Class Members of their right to opt-out of the Monetary Settlement Class, and to apprise all Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure, including Rules 23(c) and (d); the United States Constitution, including the Due Process Clause; the Rules of this Court; and any other applicable law.

      The Court makes the following **changes to the Class Notice**:

      a. The following language appears at the end of page 2 and the beginning of page 3 of the Class Notice: "**Your rights will be affected by this Action and this Settlement whether you act or do not act. Your legal rights and options—and the deadlines to exercise them—are explained in this Notice. Please read this Notice carefully.**" The parties are directed to move this language to page 1 of the Class Notice, immediately following the sentence stating, "*This is not a solicitation from a lawyer.*"

      b. The parties are directed to correct the Clerk of Court's mailing address on page 12 of the Class Notice and anywhere else that the address is provided. The Clerk of Court's current mailing address is: 333 West Broadway, Suite 420, San Diego, CA 92101.

      8. <u>Retention of Claims Administrator and Manner of Notice</u>. BANA is hereby authorized to retain GCG, Inc. as the "Claims Administrator" to supervise and administer the Class Notice Mailing, to receive opt-out requests, and to process

7

ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL AND REPRESENTATIVES, AND DIRECTING DISSEMINATION OF CLASS NOTICE, 12 cv-1718-GPC-BLM

Claims Forms.  The Claims Administrator shall mail the Class Notice and the Claim Form as set forth in Section 4.02 of the Settlement Agreement.  The Claims Administrator also shall file with this Court a sworn statement stating that it has complied with the provisions of this Order pertaining to the Class Notice Mailing.

9. <u>Submission of Claim Forms</u>.  To participate in the recovery for Eligible Monetary Settlement Class Members provided in Section 2.01 of the Settlement Agreement, a Monetary Settlement Class Member must submit a valid Claim Form, as defined in Section 4.07 of the Settlement Agreement, that was either postmarked or received by the Claims Administrator by the Claim Form Deadline.   A Monetary Settlement Class Member who does not submit a Claim Form or a valid and timely Claim Form shall nonetheless be bound by the Court's Final Approval Order and Judgment.

10. <u>Opt-Outs from the Monetary Settlement Class</u>.  As described in the Class Notice, a Monetary Settlement Class Member's opt-out request must, for it to be timely, be postmarked or received by the Claims Administrator by the Opt-out Deadline.  Furthermore, to be valid, the opt-out request must comply with the requirements of Section 4.04 of the Settlement Agreement.  Any Monetary Settlement Class Member who opts out of the Monetary Settlement Class shall not be entitled to receive the payment owing to Eligible Monetary Settlement Class Members under Section 2.01 of the Settlement Agreement.  In addition, any Monetary Settlement Class Member who does not submit a valid and timely request to opt out of the Monetary Settlement Class shall nonetheless be bound by all of the terms and conditions of the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this case.

11. <u>Objections to Settlement</u>.  Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the settlement, to any term of the

8

ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL AND REPRESENTATIVES, AND DIRECTING DISSEMINATION OF CLASS NOTICE, 12 cv-1718-GPC-BLM

Settlement Agreement, the attorney fees requested by Class Counsel, and/or the service awards requested by the Named Plaintiffs may file an objection.  To be considered, objections must comply with the requirements of Section 4.06 of the Settlement Agreement.  Any Class Member who files an objection that does not comply with Section 4.06 of the Settlement Agreement shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement.

12. <u>Appearance at the Final Approval and Judgment Hearing</u>.  Any objector who files and serves a timely, written objection in accordance with the instructions above and herein, may also appear at the Final Approval and Judgment Hearing, either in person or through counsel retained at the objector's expense so long as the objector complies with the notice of intention to appear requirements set forth in Section 4.06 of the Settlement Agreement. Any objector who does not comply with Section 4.06 of the Settlement Agreement shall not be permitted to appear and be heard at the Final Approval and Judgment Hearing.

13. <u>Settlement Administration Costs</u>.  All reasonable settlement administrative costs shall be paid by BANA, as set forth in Section 4.09 of the Settlement Agreement, regardless of whether the Settlement is finally approved by the Court or becomes effective.

14. <u>Bar on Litigating Settled Claims</u>.  Pending the Final Approval Order and Judgment, the Releasing Parties shall not institute, prosecute, participate in, or assist in the institution, prosecution, or assertion of, any Released Claims against the Released Parties.

15. <u>Termination of Settlement</u>.  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.

9

ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL AND REPRESENTATIVES, AND DIRECTING DISSEMINATION OF CLASS NOTICE, 12 cv-1718-GPC-BLM

16. <u>Use of Order</u>.  This Order shall not be construed or used as an admission, concession, or presumption by or against the Released Parties of any fault, wrongdoing, breach, or liability or as a waiver of any arguments, defenses, or claims he, she, or it may have if the Settlement Agreement is terminated.

17. <u>Stay</u>. All proceedings in this case are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement and this Order. This Court retains exclusive jurisdiction over this case to consider all further matters arising out of or connected with the Settlement.

18. <u>Continuance of the Final Approval and Judgment Hearing</u>. The Court reserves the right to continue or adjourn the Final Approval and Judgment Hearing from time to time without further notice to Class Members.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

19. <u>Preliminary Approval Hearing Vacated</u>. The hearing on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, currently set for January 10, 2014, is **VACATED**.

**IT IS SO ORDERED**.

DATED:  January 7, 2014

HON. GONZALO P. CURIEL
United States District Judge

10

ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL AND REPRESENTATIVES, AND DIRECTING DISSEMINATION OF CLASS NOTICE, 12 cv-1718-GPC-BLM