MORRIS POLICH & PURDY LLP
David J. Vendler, Esq. (SBN 146528)
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Tel.: (213) 417-5100
Fax: (213) 488-1178

MICHAEL R. BROWN, APC
Michael R. Brown, Esq. (SBN 65324)
18101 Von Karman Avenue, Suite 1900
Irvine, California 92612
Tel.: (949) 435-3888
Fax: (949) 435 3801

LAW OFFICE OF JEFFREY D. POINDEXTER
Jeffrey D. Poindexter, Esq. (SBN 167854)
2534 State Street, Suite 306
San Diego, CA 92101
Tel.: (619) 271-2382
Fax: (619) 568-3801

Attorneys for Plaintiff RICHARD M. HORN
and all others similarly situated

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD M. HORN, an individual and as Trustee of the Richard M. Horn Trust Dated June 16, 2003 on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., a National Banking Association,<br><br>Defendant. | [NO.: 12-cv-1718-GPC- BLM]<br><br>PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SUSAN HOUSE IN SUPPORT OF HER OBJECTION TO PROPOSED SETTLEMENT<br><br>Date: April 11, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 2D<br>Judge: Hon. Gonzalo P. Curiel<br><br>Assigned to Magistrate Judge Barbara Lynn Major |

Plaintiffs Richard M. Horn and Maria Gurevich ('Plaintiffs"), on behalf of themselves and others similarly situated, make the following evidentiary objections to the declaration of Susan House "House") (the "Declaration") filed in support of her objection to Final Approval of the Class Settlement and Award of Attorney's Fees, Costs and Class Representative enhancement. (Docket 65-1.)

**<u>OBJECTION NO. 1:</u>**

Plaintiffs object to the entire Declaration, including Exhibits A and B attached thereto.

The manner in which a class member may object to the settlement is set forth in the Notice of Proposed Class Action Settlement at paragraph 22. (Docket 71-1, pages 13-14)

In order to validly object, the Notice states:

> Your objection must (a) attach documents establishing, or providing information sufficient to confirm that you are a class member; (b) include a statement setting forth your specific objections and the grounds for such objections; (c) identify all documents you desire the Court to consider; (d) include an address where you may receive service of process; and (e) state whether you are represented by counsel, and if so, the name and mailing address of your counsel. **Your objection will not be considered valid unless you comply with these requirements.** (emphasis added)

The Notice further required "To object to the Settlement, you must file a written objection with the Clerk of Court and **mail** a copy of the objection to the Clerk of the Court, Class Counsel, and counsel for BANA at the following addresses:" [Emphasis added.]

Attorney Palmer purportedly filed the Objection on behalf of House. However, the proof of service does not state that the objection was served by U.S. Mail on all the required parties. Rather, it states that the addressees required to receive notice by U. S. Mail **will** be served. (Docket 65-17). Additionally, as set forth in the declaration of

Michael R. Brown filed in support of the Application for Final Approval, at paragraph 4, (Document 71-1 at page 3) l of Settlement, para. 4, he has not received a copy of the Objection by U.S. mail.

With regard to the Declaration itself, (Docket 65-1) *there is no proof of service* as required by the Notice. Again, no such document was received by U.S. mail by class counsel Brown.

Inasmuch as there has not been strict compliance with the Notice requirement, the objection and Declaration should be stricken.

**OBJECTION NO. 2:**

Plaintiffs object to, and move to strike the following language from the Declaration (65-1) as irrelevant:

Paragraph 1, page 1, line 256: "I am a Class Member of the Subscriber Settlement Class."

Objectors to class action settlements bear the burden to establish that they have standing to object, i.e. that they are in fact members of the class. FRE 402. *In re Hydroxicut Marketing and Sales Practices Litigation*, 2013 WL 5275618 *2 (C.D. Cal. 2013). The purported fact that Ms. House is a class member of some purported unknown ***Subscriber*** Settlement Class is not relevant to anything in this case – there is no *Subscriber* Class.

Plaintiffs further object and move to strike the language because it lacks any foundation.. House may offer an opinion that she is a class member "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.

The "matter" here, is whether or not she is actually a class member – whether or not she paid deferred interest. The class certified under Rule 23(b) (2) consists of:

> "All persons who made Payments of Deferred Interest on their Option ARMs in Tax Years 2010, 2011, 2012 or 2013 and for whom BANA was or would have been required by 26 U.S.C. § 6050H and 26 C.F.R. § 1.6050H-1 to file a Form 1098 for the same Tax Year in which the Payments of Deferred Interest were made."

The class certified under Rule 23(b) (3) consists of:

> "all persons who made Payments of Deferred Interest on their option adjustable rate mortgages in Tax Year 2009 and for whom [the Bank] was or would have been required by 26 U.S.C. § 6050H and 26 C.F.R. § 1.6050H-1 to file a 2009 Form 1098."

To be a member of the monetary or injunctive classes, House must prove she falls within either of the two defined classes. Since she did not offer any evidence that she paid any deferred interest, or even declare that she paid deferred interest, and characterizes herself as a member of a non-existent class in this class action lawsuit, the Declaration should be stricken.

**<u>OBJECTION NO. 3:</u>**

Plaintiffs object to, and move to strike the following language from the Declaration (65-1) as irrelevant and lacking personal knowledge:

Paragraph 2, page 1, lines 26 & 27: "Attached as Exhibits A & B are documents that confirm my class membership."

House may offer an opinion that she is a class member "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE Rule 602.

The "matter" here, is whether or not she is actually a class member – whether or not she paid deferred interest. The class certified under Rule 23(b) (2) consists of:

> "All persons who made Payments of Deferred Interest on their Option ARMs in Tax Years 2010, 2011, 2012, or 2013 and for whom BANA was or would have been required by 26 U.S.C. § 6050H and 26 C.F.R. § 1.6050H-1 to file a Form 1098 for the same Tax Year in which the Payments of Deferred Interest were made."

The class certified under Rule 23(b) (3) consists of:

> "all persons who made Payments of Deferred Interest on their option adjustable rate mortgages in Tax Year 2009 and for whom [the Bank] was or would have been required by 26 U.S.C. § 6050H and 26 C.F.R. § 1.6050H-1 to file a 2009 Form 1098."

To be a member of the monetary or injunctive classes, House must prove she falls within either of the two defined classes. Since she did not offer any evidence that she paid any deferred interest, or even declare that she paid deferred interest, she lacks personal knowledge to testify that her exhibits confirm her class membership.

**OBJECTION NO.4:**

Plaintiffs object to, and move to strike Exhibit A to the Declaration.

Exhibit A is irrelevant to the issue of whether House is a proper member of either of the two classes in this litigation as defined in the Notice. . House has offered no explanation regarding Exhibit A and how it purports to place her in one of the classes in this litigation. There is no foundation laid for this document and no explanation of its relevancy. Accordingly, Exhibit A should be stricken. FRE Rule 402.

**OBJECTION NO 5:**

**Plaintiffs object to, and move to strike Exhibit** B to the Declaration.

Exhibit B purports to be a January 2013 statement from Bank of America. The document has no name on it that connects this document to House. More importantly, the document does not demonstrate in any manner that House paid deferred interest in years 2010-2013. It does nothing to support House's affirmative duty, under the class Notice, to demonstrate that she is a class member as defined in the Notice..

Plaintiffs further object and move to strike Exhibit B on the ground it lacks authentication. FRE Rule 901. House failed to declare where or how she obtained Exhibit B, nor does the Exhibit include her name, or have anything to tie it to her Exhibit A.

Out of more than 300,000 class members to whom Notice of the settlement was mailed, out more than 58,000 class members that have returned claim forms, House is the sole objector represented by her serial and professional objector/attorney Darrell Palmer. If House wants to object, and is using the services of a lawyer and professional objector, she must be held to the highest standard and must strictly comply with the requirements to object as set forth in the Notice.

For the foregoing reasons, Plaintiffs ask this Court to sustain its objections set forth herein, and strike the Declaration and the Objection.

DATED: March 24, 2014

**MICHAEL R. BROWN, APC**

By: _____/s/ *Michael R. Brown*______

Michael R. Brown, Esq. (SBN 65324)
Email: mbrown@mrbapclaw.com
18101 Von Karman Avenue, Suite 1940
Irvine, California 92612
Tel.: (949) 435-3888
Fax: (949) 435 3801

Additional counsel:
**MORRIS POLICH & PURDY LLP**

By: _____/s/ *David J. Vendler*_____________

David J. Vendler, Esq. (SBN 146528)
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Tel.: (213) 417-5100
Fax: (213) 488-1178

**LAW OFFICE OF JEFFREY D. POINDEXTER**

By: _____/s/ *Jeffrey D. Poindexter*________
Jeffrey D. Poindexter, Esq. (SBN 167854)
Email: jeffrey@jdpoindexterlaw.com
2580 Catamaran Way
Chula Vista, CA 91914
Tel.: (619) 271-2382
Fax: (619) 568-3801

Attorneys for Plaintiffs RICHARD M. HORN and MARIA GUREVICH and all others similarly situated

# CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 25th day of March, 2014, with a copy of the PLAINTIFFS' PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SUSAN HOUSE IN SUPPORT OF HER OBJECTION TO PROPOSED SETTLEMENT via the Court's CM/ECF system per Civil Local Rule 5.4(d).

Peter B Morrison
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Scott D. Musoff
Skadden Arps Slate Meagher & Flom
Four Time Square
New York, NY 10036-6522

Darrell Palmer (SBN 125147)
Law Offices of Darrell Palmer
2244 Faraday Avenue, Suite 121
Carlsbad, CA 92008

Dated: March 25, 2014 _____/s/ *Jeffrey D. Poindexter*________

Jeffrey D. Poindexter